

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RODNEY J. LOWMAN,

       Petitioner,

-v-                                       09-CV-0058M

NEW YORK STATE,                   **ORDER**

       Defendants.

---

Petitioner, who on January 20, 2009 filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] has now filed a letter/motion seeking to hold his petition in abeyance while he "further[s] his allegations" presumably with respect to an ineffective assistance of counsel claim which both his letter/motion and petition note he raised previously in a motion pursuant to N.Y.Crim.Proc.L. § 440.10. (Docket No. 3). The petition notes that petitioner filed a § 440.10 motion on May 28, 2008, raising a claim of ineffective assistance of counsel, and that the motion was denied by the trial court on July 2, 2008. (Docket No. 1, Petition, ¶ 15, and Exh. A). Petitioner filed a motion for a certificate for leave to appeal to the Appellate Division, Fourth Department from the denial of the § 440.10 motion, and that motion was denied on November 26, 2008. No appeal lies

---

[1] The Court issued an order on January 27, 2009, directing respondent to file and serve an answer and memorandum of law in response to the petition by March 12, 2009.

from an order denying leave to appeal to the Appellate Division from a denial of a § 440.10 motion,[2] see N.Y.Crim.Proc.L. § 450.90 and thus it appears that petitioner, despite his letter/motion to hold the petition in abeyance while he "exhausts" an ineffective assistance of counsel claim, has exhausted his state judicial remedies with respect to the ineffective assistance of counsel claim raised in his § 440.10 motion.

Even if the letter/motion to hold the petition in abeyance is not moot because petitioner has exhausted his state judicial remedies in relation to the ineffective assistance of counsel claim referred to in the letter/motion, it would nonetheless be denied inasmuch as petitioner has not satisfied the standards set forth in Rhines v. Weber, 544 U.S. 269 (2005,) for the granting of a stay-and-abeyance of a petition for a writ of habeas corpus. In Rhines, the Supreme Court commented that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had [1] good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." See 544 U.S. at 278.

---

[2] In 2002, New York law changed to allow the Court of Appeals to consider requests for leave to appeal when based on ineffective assistance of appellate counsel, "provided that a certificate granting leave to appeal is issued." See N.Y. Crim.Proc..L. § 450.90(1); see also People v. Stultz, 2 N.Y.3d 277, 281 (N.Y.2004) (Recognizing that New York State law "authoriz[es] appeals (by permission) to this Court from appellate orders granting or denying coram nobis relief based on claims of ineffective assistance or wrongful deprivation.").

Petitioner's letter/motion, to the extent it is not moot and is seeking a stay-and-abeyance for purposes of exhausting the ineffective assistance of counsel claim referred to in the letter/motion, does not address in any way what cause there is nor what the basis of the claim is so the Court could address its potential meritoriousness.

Accordingly, to the extent petitioner is seeking to hold this petition in abeyance pending his exhaustion of the ineffective assistance of counsel claim referred to in the letter/petition and raised in the § 440.10 motion it will be denied.

Attempting to determine what petitioner may truly be seeking in his letter/motion, as the Court must do, see Triestman v. Fed. Bur. of Prisons, 470 F.3d 471, 474 (2d Cir.2006), the Court notes that the petition makes reference, albeit brief, to what may be an ineffective assistance of counsel claim--"[s]o January 17[, 2005] came and we had a Map [sic] hearing because I did not take the plea and the District Attorney nor the Court ordered [the District Attorney] to release the Brady and Rosario material that my attorney had asked for in November. My attorney could have properly prepared my case for a fair trial and then I could have challenged the [confidential informant's] record and reliability."[3] If petitioner's letter/motion is seeking to plead further

---

[3] The claims petitioner appears to be raising in the petition are set forth in what is in essence a narrative, which is attached to the petition as Exhibit B.

3

allegations regarding this claim he may wish to file and serve an amended petition.[4] See Fed.R.Civ.P. 15(a). If petitioner is seeking some other form of relief, he will need to file a motion in which he sets forth clearly the nature of the relief he seeks and the factual and legal bases of the relief requested.

Accordingly, petitioner's letter/motion to hold the petition in abeyance (Docket No. 3) is denied without prejudice.

**SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    February 12, 2009
          Rochester, New York

---

[4]Plaintiff is advised that an amended petition is intended to **completely replace** the prior petition in the action. "It is well established that an amended [petition] ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, if petitioner is truly seeking to file an amended petition, the amended petition must include all of the allegations set forth in the initial petition and any new allegations he wished to add to the petition, so that the amended petition may stand alone as the sole petition in this action.