UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RODNEY LOWMAN, 06-B-0949,                    **DECISION AND ORDER**

        Petitioner,                       09-CV-0058(A)(M)


        v.

NEW YORK STATE,

        Respondent.
_____


        This case has been referred to me by Hon. Richard J. Arcara to decide all non-dispositive motions, hear and report on all dispositive motions, and otherwise supervise pretrial proceedings [14, 16]. Before me are petitioner's motions to amend his petition for a writ of habeas corpus [9][1], to compel discovery [12], and to extend the deadline for his reply [20]. For the following reasons, I order that petitioner's motion to amend be GRANTED, motion to compel discovery be DENIED, and motion to extend the deadline for his reply be GRANTED.


**BACKGROUND**

        On January 20, 2009, petitioner filed a habeas petition [1]. Respondent filed a declaration and accompanying memorandum of law in opposition to the petition on March 12, 2009. Declaration [5]; Memorandum [6].

---

[1]     Bracketed references are to the CM/ECF docket entries.

On April 9, 2009, petitioner filed a motion requesting discovery of material used at trial pursuant to the obligations of Brady v. Maryland, 373 U.S. 83 (1963) and People v. Rosario, 9 N.Y. 2d 286 (1961). Discovery Motion [12].

On May 15, 2009, petitioner filed a motion requesting additional time to file his reply to respondent's answer to the amended pleading until after the discovery motion was resolved. Motion to Extend [20].

**DISCUSSION AND ANALYSIS**

**A.     Petitioner's Motion to Amend**

On April 2, 2009, petitioner submitted an amended petition. Motion to Amend [9]. I construed the amended petition as a motion to amend the petition and set a deadline of May 3, 2009 for respondent to respond to the motion to amend. Order [10]. Erroneously believing that petitioner's motion to amend had been granted, respondent failed to oppose the motion, and instead filed a supplemental memorandum in opposition to the amended petition addressing the new claims raised in the amended petition [17].[2]

A motion to amend a petition for habeas corpus under 28 U.S.C. §2254 is governed by Federal Rule of Civil Procedure ("Rule") 15(a). Mills v. Girdich, 2009 WL 1353539, *11 (W.D.N.Y. 2009) (Arcara, J.) (citing Littlejohn v. Artuz, 271 F. 3d 360, 363 (2d

---

[2]     Both parties appear to be under the erroneous impression that petitioner's motion to amend was previously granted by my April 6, 2009 Text Order. [10]. *See* Supplemental Memorandum In Opposition to Amended Petition [17], p. 1 ("On April 6, 2009, this Court granted petitioner permission to amend his pro se habeas petition to add additional claims."); Letter from Rodney Lowman [22] (indicating that respondent has failed to serve an answer to the amended petition). However, my April 6, 2009 Text Order made clear that I construed petitioner's submission of an amended petition as a motion to amend the pleading, and gave respondent until May 3, 2009, to submit a response to the motion. Order [10].

Cir. 2001)). Thus, to amend a petition after a responsive pleading has been served, written consent from the opposing party or leave from the court is required. *See* Rule 15(a).

"The court should freely give leave when justice so requires." Rule 15(a)(2). Such leave is granted liberally and denied only in limited circumstances where it is necessary to thwart dilatory, prejudicial, or otherwise abusive tactics. *See* Littlejohn, supra, 271 F. 3d at 363.

Given the liberal mandate of Rule 15 and respondent's failure to oppose petitioner's motion, I grant petitioner's motion for leave to amend, and construe respondent's supplemental memorandum in opposition to the amended petition [17] and declaration [5] and memorandum of law [6] in opposition to the petition as its response to the amended petition.

**B.      Petitioner's Discovery Motion**

Pursuant to Rule 6 of the Rules Governing Section 2254 Cases ("Rule 6"), petitioner moves to compel the Brady and Rosario materials used against him at trial. Discovery Motion [12]. However, "a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6 provides in relevant part:

> "(a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. §3006A.

> (b) Requesting Discovery. A party requesting discovery must
> provide reasons for the request. The request must also include
> any proposed interrogatories and requests for admission and
> must specify any requested documents."

"Whether a petitioner has shown 'good cause' depends on whether the petitioner has set forth specific allegations that provide 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief'." Jackson v. Goord, 2009 WL 331374, *1 (W.D.N.Y. 2009) (Bianchini, M.J.) (quoting Bracy, 520 U.S. at 908-09). "'Generalized statements about the possible existence of discovery material are insufficient to constitute 'good cause'." Jackson v. Conway, 2008 WL 850326, *1 (W.D.N.Y. 2008) (Bianchini, M.J.).

In support of the motion petitioner states that "[t]he reason I believe that I am entitled to the relief I seek is because I have an ongoing writ that I have to properly prepare for the court. Not having this properly prepared will make me ineligible to receive further due process." Petitioner's Affidavit [12], ¶ 3. However, aside from these general and conclusory statements, petitioner provides no specific allegations as to why the requested materials will support his habeas petition or entitle him to relief. Petitioner's only discernable purpose in requesting discovery is to determine whether the requested files support his petition. Such "fishing expeditions" are not permitted. See Charles v. Artuz, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998):

> "As previously noted, Charles seeks discovery of various materials
> relating to his state court conviction which, he claims in
> conclusory fashion, he needs 'to fairly and adequately present his
> Federal Law claims in a Federal judicial form in their appropriate
> manner.' In the Court's view, the petitioner's motion does not
> establish 'good cause' for the desired documents. In fact, his
> stated purpose is merely to determine whether the requested items

> contain any grounds that might support his petition, and not because the documents actually advance his claims of error. In sum, his motion amounts to a 'fishing expedition' which he hopes will yield a document providing ground for a writ." 21 F. Supp. 2d at 169.

Here, petitioner provides no indication that the requested materials actually advance his claims, nor does petitioner even specify which of the seven grounds of his amended petition the requested materials are intended to benefit. Further, even though respondent raised this deficiency in its opposition to the motion [13], petitioner failed to address or cure it in his reply. Petitioner's Reply[15].

Because petitioner's motion remains overly generalized and bereft of allegations that the requested material will support his habeas corpus petition, I find that he has not established "good cause" sufficient to sustain his motion to compel. *See* Jackson, supra, 2009 WL 331374 at *1 ("The court may, in its discretion, deny discovery where the petitioner has provided no specific evidence that the requested discovery would support his habeas corpus petition."). Therefore, petitioner's motion is denied, without prejudice to renewal upon a more detailed showing.

Even assuming that petitioner's motion is directed at the third ground of his amended petition, alleging that the state prosecution withheld favorable Brady material, I would deny the motion. *See* Amended Petition [9], p. 2. Petitioner alleges that "the information sealed under the pretense that the drug purchase in question was made by an actual undercover should have been made available to Petitioner." Amended Petition [9], p. 2. Petitioner correctly alleges that on November 22, 2005 the prosecutor erroneously represented to the court that an under cover police officer was responsible for identifying petitioner from a hand to hand drug sale

(T4),[3] when in fact it was a confidential informant that made the purchase from petitioner. (T148-49).

However, it does not appear that "the record was_sealed" [*sic*] (Amended Petition [9] p. 2) or that information was withheld from petitioner because of the erroneous statement. Any error from the prosecutor's erroneous statement was rectified after November 22, 2005 court appearance, as both the suppression hearing of January 17, 2006 and the trial of March 27-28, 2009 made use of the identity of the confidential informant. Further, the confidential informant's supporting deposition was provided as Rosario material to petitioner's counsel (T219), who had the opportunity to cross-examine both the confidential informant (T161-170) and the undercover officer who accompanied the informant (T179).

Because neither the record nor petitioner indicates that any information was actually withheld from petitioner, he has failed to establish that discovery of the requested materials may demonstrate that he is entitled to relief for his Brady claim. Therefore, petitioner's motion to is denied, without prejudice.

C. **Petitioner's Motion for Extension of Time to File Reply**

Rule 5(e) of the Rules Governing Section 2254 Cases provides that "[t]he petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." Rule 5(e); *see* Porter v. Greiner, 2005 WL 3344828, *6 n. 4 (E.D.N.Y. 2005) (granting petitioner extension of time to file reply).

---

[3] References to "T" are to the Trial Transcript.

Petitioner's motion requests that the deadline to submit a reply to respondent's opposition to the amended petition be deferred until after a ruling on his discovery motion. Motion to Extend Time [20]. Respondent "does not oppose petitioner's request for additional time to file his habeas reply until after the motion has been decided." Respondent's Response [23].

Therefore, having decided petitioner's discovery motion, petitioner's unopposed motion for an extension to file a reply is granted. Petitioner may file and serve a reply to respondent's supplemental memorandum of law in opposition to the amended petition by September 30, 2009.

## CONCLUSION

For these reasons, it is ordered that the petitioner's motion to amend his petition is GRANTED, petitioner's motion for discovery is DENIED, without prejudice, and petitioner's motion to extend the deadline to submit a reply is GRANTED. Petitioner may file and serve a reply to respondent's supplemental memorandum of law in opposition to the amended petition on or before September 30, 2009.

**SO ORDERED**.

DATED: September 2, 2009

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge