UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RODNEY LOWMAN,

              Petitioner,

   -vs-

NEW YORK STATE

              Respondent.

_____

**DECISION AND ORDER**
**No. 09-CV-0058T**

## I.   Introduction

*Pro se* petitioner Rodney Lowman ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered March 28, 2006, in New York State, County Court, Ontario County, convicting him, after a jury trial, of Criminal Sale of a Controlled Substance in the Third Degree (N.Y. Penal Law ("Penal Law") § 220.39 [1]), two counts of Criminal Possession of a Controlled Substance in the Third Degree (Penal Law § 220.16 [1]), and one count of Criminal Possession of a Controlled Substance in the Fifth Degree (Penal Law § 220.06).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II. Factual Background and Procedural History

### A. Introduction

On August 10, 2005, Sandra Moracco ("Moracco"), a confidential informant working with the police, called Police Officer Brian Choffin ("Officer Choffin") and told him that she had observed Petitioner sell crack cocaine to an individual and that Petitioner was in possession of an additional quantity of crack cocaine. Moracco told Officer Choffin that she would be driving Petitioner to a McDonald's restaurant and gave Officer Choffin her travel route. Officer Choffin, along with other police officers, pulled over the car and searched Petitioner. Officer Choffin recovered $325 from Petitioner, but no drugs. Petitioner was then taken to the police precinct and a warrant was issued for the search of Petitioner's person. Officer Choffin recovered from Petitioner's rectum 38 small bags of crack cocaine alone with larger chunks of cocaine.

By Ontario County Indictment No. 05-07-089, Petitioner was charged with one count of Criminal Sale of a Controlled Substance in the Third Degree (Penal Law § 220.39 [1]), two counts of Criminal Possession of a Controlled Substance in the Third Degree (Penal Law § 220.16 [1]), and one count of Criminal Possession of a Controlled Substance in the Fifth Degree (Penal Law § 220.06). After a trial, Petitioner was found guilty as charged.

**B.    The Pre-Trial Hearing**

On January 17, 2006, the Hon. Craig J. Doran conducted a hearing on Petitioner's motion to suppress physical evidence based on a lack of probable cause for arresting him.

**1.    The People's Case**

On August 10, 2005, Officer Choffin received a telephone call from a confidential informant that he had been utilizing to investigate Petitioner's drug activities.[1]    During the phone conversation, the informant told Officer Choffin that Petitioner was carrying a substantial amount of cocaine in his "crotch area." Hr'g Mins. [H.M.] 15-17, 25.    The informant told Officer Choffin that Petitioner would be the front seat passenger of a red vehicle with which Officer Choffin was familiar.    The informant stated that the vehicle was driving toward a McDonald's restaurant on Hamilton Street in the City of Geneva.    H.M. 17-18.    Officer Choffin went to Hamilton Street and observed the vehicle and saw that Petitioner was in the passenger seat.    H.M. 18.    Officer Choffin and other officers pulled over the vehicle.    Officer Choffin asked Petitioner if he had anything illegal on him and Petitioner responded, "I don't have anything illegal, you can go ahead and search my pockets."    H.M. 19.    Officer Choffin searched Petitioner but did not find anything.    H.M. 19, 23.    Officer Choffin detained

---

[1]    On July 12, 2005, the confidential informant, working with Officer Choffin and other police officers, purchased crack cocaine from Petitioner. H.M. 16-17, 21, 24-25.

Petitioner at the precinct and obtained a search warrant for Petitioner's person. H.M. 20, 23. Officer Choffin recovered 38 individually packaged bags of crack cocaine as well as approximately 13 grams of cocaine from Petitioner's anal cavity. H.M. 20. Officer Choffin also recovered $325 from Petitioner's pockets. H.M. 21.

**2.    The Defense's Case**

Petitioner presented no evidence at the hearing.

**3.    The Hearing Court's Decision**

The hearing court credited the testimony of Officer Choffin and made factual findings consistent with Officer Choffin's testimony. H.M. 29. The hearing court denied Petitioner's probable cause challenge, concluding that "there was probable cause for the officer to engage in the initial encounter with the vehicle in which [Petitioner] was a passenger." H.M. 31.

**C.    The Trial**

On March 27, 2006, Petitioner proceeded to trial before Justice Doran and a jury.

**1.    The People's Case**

On April 1, 2005, Moracco, a crack cocaine user, was pulled over in her car by the police. At that time, her driver's license had expired. Trial Trans. [T.T.] 137-138, 140, 161-162. Rather than issue her a ticket, the police worked out an arrangement

whereby she would provide them with information about drug activity in the Geneva area. T.T. 141-142.

On July 12, 2005, Moracco worked with Police Investigator Susan Kaduc ("Investigator Kaduc") to purchase drugs from Petitioner. T.T. 145, 173, 245. Moracco called Petitioner and told him that she had $100, and he told her that he would sell her six bags worth $20 each. They agreed to meet at a liquor store. T.T. 146-147, 174. Moracco and Investigator Kudac went to the store and saw Petitioner arrive in his vehicle. As Moracco and Investigator Kudac got out of their vehicle, Petitioner said that he "did not want to meet any of [her] friends," so Investigator Kudac went back to the car. T.T. 148, 175. Moracco gave Petitioner the money and Petitioner gave her a napkin containing six small bags of crack cocaine. After Petitioner drove away, Moracco gave the drugs to Kudac. T.T. 149, 167, 176-178.

On August 10, 2005, Moracco was inside a friend's apartment when Petitioner arrived. At some point, Petitioner sat on a couch next to Moracco, and another person in the apartment gave Petitioner money for drugs. Moracco saw Petitioner reach into his boxers and pull out "a plastic bag holding numerous baggies and two big chunks of cocaine in the baggie." T.T. 150153. Petitioner gave two baggies to the man that gave him money. Petitioner asked Moracco if she would drive him to McDonald's. When Petitioner went to the bathroom, Moracco called Officer Choffin and told him that

Petitioner had "about $1000 worth" of cocaine and that they would be driving toward McDonald's. Before they left, Moracco saw Petitioner adjust his boxer shorts with his hand. T.T. 155, 168, 238-239.

As Moracco drove, Officer Choffin signaled for her to stop the car. T.T. 157-158, 241. Officer Choffin asked Petitioner if he had anything illegal on him. Petitioner said that he did not and invited Officer Choffin to search his pockets. T.T. 242. Officer Choffin removed Petitioner from the car and searched Petitioner's pockets. Officer Choffin recovered $325, but did not recover any drugs. T.T. 242. Officer Choffin searched Moracco's car for the drugs but did not find them. T.T. 244. Officer Choffin handcuffed Petitioner and directed another officer to drive Petitioner to the precinct. T.T. 194-195. Moracco gave Officer Choffin a signed statement reporting that Petitioner had individual baggies of cocaine in addition to two "rocks" of cocaine. T.T. 159-160.

Officer Choffin received permission to search the apartment from where Moracco and Petitioner had come, but no drugs were recovered. T.T. 243. Officer Choffin subsequently obtained a search warrant for Petitioner's person. In executing the search warrant, Officer Choffin had Petitioner remove his clothing and face a wall. When Petitioner did so, Officer Choffin observed bags hanging out of his rectum and recovered them. T.T. 225. In total,

Officer Choffin recovered 38 bags of crack cocaine along with additional large chunks of cocaine.  T.T. 225-226, 231.

### 2.   The Defense's Case

Petitioner presented no witnesses at trial.

### 3.   Verdict and Sentence

On March 28, 2006, Petitioner was found guilty as charged.  He was sentenced as a second felony drug offender to concurrent, determinate prison terms of four years for each count of third degree sale and drug possession, three years for the fifth degree drug possession count, plus five years post-release supervision. T.T. 359, 365-367.

### D.   Petitioner's Direct Appeal

On appeal, through counsel, Petitioner raised the following issues: (1) the police's search of Petitioner's body cavity violated his right against unreasonable searches or seizures because the search exceeded the scope of the search warrant; (2) that the undignified manner in which the body cavity search was conducted warranted suppression of the drugs that were recovered regardless of whether the search was legally permissible; and (3) the trial court improperly permitted the People to introduce evidence of an uncharged drug sale.  See Resp't Ex. A.  Petitioner also filed a *pro se* supplemental brief, arguing that the hearing court improperly denied his motion to suppress physical evidence

because the police lacked probable cause to arrest him.  <u>See</u> Resp't Ex. B.

On March 14, 2008, the Appellate Division, Fourth Department ("Fourth Department") unanimously affirmed the judgment of conviction.  <u>People v. Lowman</u>, 49 A.D.3d 1262 (4th Dep't 2008) (Resp't Ex. D); <u>lv. denied</u>, 10 N.Y. 3d 936 (2008) (Resp't Ex. F).

**E.   Petitioner's Motion to Vacate the Judgment**

On or about May 27, 2008, Petitioner filed a *pro se* motion to vacate the judgment, pursuant to N.Y. Crim. Proc. Law ("CPL") § 440.10, arguing that he was denied effective assistance of trial counsel.  <u>See</u> Resp't Ex. G.  That motion was denied on procedural grounds, and leave to appeal was denied.  <u>See</u> Resp't Exs. I-M.

**F.   The Original Habeas Corpus Petition**

On or about January 8, 2009, Petitioner filed a *pro se* habeas corpus petition, seeking relief on the following grounds:  (1) the People failed to fulfill its discovery obligations pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>People v. Rosario</u>, 9 N.Y.2d 286 (1961); (2) the hearing court improperly failed to suppress the drugs recovered from Petitioner as fruit of an unlawful arrest; and (3) Petitioner was denied his right to a fair trial because he had an "all white jury."  <u>See</u> Pet. ¶ 22, Ex. B. (Dkt. # 1).

**G.    The Amended Habeas Corpus Petition**

On or about April 2, 2009, Petitioner submitted an amended petition.    Amended Pet. [Am. Pet.] (Dkt. # 9).    This Court construed the amended petition as a motion to amend the petition. See Dkt. # 10.    Subsequently, this Court granted Petitioner's motion to amend the habeas corpus petition to include the following claims, in addition to those raised in the original habeas corpus petition: (1) the trial court improperly permitted the People to introduce evidence of an uncharged drug sale; (2) the People failed to disclose information about an alleged drug transaction between Petitioner and an undercover police officer; (3) Petitioner was denied the effective assistance of trial counsel because his attorney failed to raise a timely motion to suppress physical evidence on the ground that there was no probable cause for his arrest; (4) Petitioner was denied the effective assistance of appellate counsel; and (5) his arrest was unlawful because the police failed to read Petitioner his Miranda rights and did not first secure a warrant for his arrest.    See Am. Pet., Grounds One-Six.

**H.    Petitioner's Motion to Amend the Petition for a Second Time**

By letter dated December 21, 2009, Petitioner seeks to amend the habeas petition again to raise the following additional ineffective assistance of counsel claims: (1) that his trial attorney was ineffective for failing to afford him the opportunity

to testify before the grand jury; and (2) that both his trial and appellate attorneys failed to raise claims with regard to laboratory records that were introduced at trial. See Dkt. # 34. Respondent opposed Petitioner's request, and, in response, Petitioner filed a Reply. See Dkts. # 40, 45-46. Petitioner's request to amend the habeas corpus petition for a second time is currently pending before this Court.

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." Littlejohn v. Artuz, F.3d 360, 362-64 (2d Cir. 2001). However, where a proposed amendment is meritless or would be futile, federal courts should deny leave. Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990). Habeas courts may also deny leave "in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." Littlejohn, 271 F.3d at 363; see also Foman v. Davis, 371 U.S. 178, 182 (1962). For the reasons that follow, the Court denies Petitioner's request to amend the habeas petition for a second time to include additional ineffective assistance of counsel claims.

First, Petitioner has offered no legitimate reason for his failure to raise the additional claims in his prior habeas petitions. The claims Petitioner now seeks to raise relate to matters that occurred either prior to or during the trial, and, thus, the factual basis of these claims was known to Petitioner at the time he filed both the original and amended petitions. To this

extent, the Court finds Petitioner's method of piecemeal submission of additional claims to be both unfair to the opposing party -- who has responded to the original and amended petitions as well as to various miscellaneous motions Petitioner has filed in association therewith -- and also to be a poor use of judicial resources.

Second, it is futile to permit Petitioner to amend his petition to add these new claims because they are untimely. As Respondent correctly notes in its papers, Petitioner's conviction became final on September 11, 2008. Because Petitioner's CPL § 440.10 motion was pending at the time his judgment became final, the one year statute of limitations had not begun to run on Petitioner's time to file the habeas petition. See 28 U.S.C. § 2244(d)(1), (2). His CPL § 440.10 motion was denied on July 23, 2008 and, on November 26, 2008, the Fourth Department denied Petitioner's leave application. Thus, the filing period was tolled until November 26, 2008. See Carey v. Saffold, 536 U.S. 214 (2002); Bennett v. Artuz, 199 F.3d 116, 123 (2d Cir. 1999). Thereafter, Petitioner had one year to file his habeas petition. While Petitioner's original and his first amended petition are timely, his second amended petition, which Petitioner sought to add on December 21, 2009, is untimely.

Furthermore, Petitioner's claims are new and unrelated to the claims raised in the original habeas petition. Thus, the relation-

back doctrine does not apply to render the new claims timely.  See
Fed. R. Civ. Pro. 15(c).  The Supreme Court has held that a new
habeas claim "does not relate back [and thereby escape AEDPA's one-
year time limit] when it asserts a new ground for relief supported
by facts that differ in both time and type from those the original
pleading set forth."  Mayle v. Felix, 545 U.S. 644, 650 (2005).  In
determining whether claims in an amended petition relate back to
the original pleading, the Second Circuit has stated that "the
pertinent inquiry . . . is whether the original complaint gave the
[respondent] fair notice of the newly alleged claims."  Fama v.
Comm. of Corr. Servs., 235 F.3d 804, 815 (2d Cir. 2000), (quoting
Wilson v. Fairchild Republic Co., 143 F.3d 733, 738 (2d Cir. 1998).
At no point in his original or amended petitions did Petitioner
claim that he was denied the effective assistance of counsel owing
to his trial attorney's failure to secure his grand jury testimony.
Nor did Petitioner ever claim that his trial and/or appellate
attorneys were ineffective for failing to raise a claim related to
certain laboratory records that were introduced at trial.

      Additionally, it would be futile to permit Petitioner to amend
his habeas petition to include the new ineffective assistance of
trial counsel claims because they are unexhausted.  Accordingly,
the Court denies Petitioner's December 21, 2009 request to amend
his habeas corpus petition for a second time.  The Court now turns

to an analysis of Petitioner's amended habeas petition, which is the operative petition for purposes of this Decision and Order.

## III. General Principles Applicable to Habeas Review

### A.    The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan

v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540
U.S. 1197 (2004).

A state court decision is based on an "unreasonable
application" of Supreme Court precedent if it correctly identified
the governing legal rule, but applied it in an unreasonable manner
to the facts of a particular case. Williams, 529 U.S. at 413; see
also id. at 408-10. "[A] federal habeas court is not empowered to
grant the writ just because, in its independent judgment, it would
have decided the federal law question differently." Aparicio v.
Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state
court's application must reflect some additional increment of
incorrectness such that it may be said to be unreasonable." Id.
This increment "need not be great; otherwise, habeas relief would
be limited to state court decisions so far off the mark as to
suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100,
111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a
State court shall be presumed to be correct. The [petitioner]
shall have the burden of rebutting the presumption of correctness
by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see
also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The
presumption of correctness is particularly important when reviewing
the trial court's assessment of witness credibility."), cert.
denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state

court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

## B. Exhaustion and Procedural Default

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984). The ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, © assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of fact that is well within the mainstream of constitutional litigation. Daye 696 F.2d at 194.

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263, n.9 (1989) (other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Id.

The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice (i.e., actual innocence). See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977); see also Sawyer v. Whitley, 505 U.S. 333, 277-78 (1992).

**C.    The Adequate and Independent State Ground Doctrine**

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred.'" Dunham v. Travis, 313 F.3d 724, 729 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). A habeas corpus petitioner, however, may overcome a procedural default created by the state court's invocation of an "independent

and adequate" basis for its decision by (1) showing cause for the default and prejudice attributable thereto, or (2) by demonstrating that a fundamental miscarriage of justice will ensue if the claim is not reviewed by the habeas court. See Harris, 489 U.S. at 262 (citing cases). The "fundamental miscarriage of justice" exception requires the petitioner to make a factual showing that he is "actually innocent" of the crime for which he was convicted. See id. It bears noting that "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

## IV. Petitioner's Claims

### 1. Petitioner's Fourth Amendment Claim Is Not Cognizable on Federal Habeas Review

Petitioner contends, as he did in his *pro se* supplemental brief on appeal, that the police did not have probable cause to arrest him and, therefore, as a result, the drugs that were recovered from him following his arrest should have been suppressed. See Pet., Ex. B; Am. Pet., Grounds One-Two. The Fourth Department rejected this claim on the merits. See Lowman, 49 A.D.3d at 1264. As discussed below, Petitioner's Fourth Amendment claim is barred from habeas review by Stone v. Powell, 428 U.S. 465 (1976).

"Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained

in an unconstitutional search or seizure was introduced at his trial." Stone, 428 U.S. at 494 (footnotes omitted). The Second Circuit has noted that Stone requires only that "the state have provided the opportunity to the state prisoner for full and fair litigation of the Fourth Amendment claim." Gates v. Henderson, 568 F.2d 830, 839 (2d Cir. 1977) (en banc), cert. denied, 434 U.S. 1038 (1978). A Federal court may undertake habeas review only in one of two instances: (1) "if the state provides no corrective procedures at all to redress Fourth Amendment violations," or (2) if "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process. . . ." Id. at 840; accord Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

A petitioner receives a "full and fair opportunity" to litigate his Fourth Amendment claim where the state provides a "'statutory mechanism' for suppression of evidence tainted by an unlawful search and seizure." McPhail v. Warden, Attica Corr. Facility, 707 F.2d 67, 69 (2d Cir. 1983). Here, New York clearly affords defendants the requisite corrective procedures. See CPL § 710.10 et seq.; see also Capellan, 975 F.2d at 70 (noting that federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in C.P.L. § 710.10 et seq. as being facially adequate).

Petitioner may not raise his Fourth Amendment claim on habeas review because he was provided with, and indeed took full advantage of, the opportunity to fully adjudicate the issue in state court at a pre-trial suppression hearing. The record reflects that the hearing court engaged in a reasoned inquiry into the relevant issues surrounding Petitioner's arrest. After hearing all of the evidence presented on the issue, the trial court issued a decision denying Petitioner's motion to suppress. The Fourth Department subsequently affirmed the hearing court's ruling on the merits, and leave to appeal from the decision of the Fourth Department was denied by the Court of Appeals.

Moreover, Petitioner has not demonstrated that an "unconscionable breakdown" occurred in the courts below. His dissatisfaction with the determination of the hearing court, which was subsequently affirmed by the Fourth Department, does not constitute the sort of "breakdown" referred to in Gates. Rather, an "unconscionable breakdown in the state's process must be one that calls into serious question whether a conviction is obtained pursuant to those fundamental notions of due process that are at the heart of a civilized society." Cappiello v. Hoke, 698 F. Supp. 1042, 1050 (E.D.N.Y. 1988), aff'd, 852 F.2d 59 (2d Cir. 1988) (per curiam); accord, Capellan, 975 F.2d at 70 (observing that some sort of "disruption or obstruction of a state proceeding" of an egregious nature, e.g., the bribing of a trial judge, typifies an

unconscionable breakdown).  No such disruption is discernable on the record.  And, even if the state court erroneously decided the issue, a petitioner cannot gain federal review of a Fourth Amendment claim simply because a Federal court may reach a different result.  See Capellan, 975 F.2d at 71.

Thus, this Court is precluded from considering Petitioner's fully litigated Fourth Amendment claim.  The claim is dismissed.

**2.  Petitioner's Claim that he was Denied a Fair Trial because he had an "All White Jury" is Unexhausted but Deemed Exhausted and Procedurally Defaulted, and, in any event, Meritless**

Petitioner contends that he was denied his right to a fair trial because he had an "all white jury."  See Pet., Ex. B. Because Petitioner raises this claim for the first time in his habeas petition, the claim is unexhausted for purposes of federal habeas review.  Nonetheless, the Court deems the claim exhausted but procedurally defaulted because Petitioner no longer has a state court forum available within which to exhaust the claim.  See Grey, 933 F.2d at 120.

For exhaustion purposes, 28 U.S.C. § 2254(b)(1)(A) requires a petitioner "[to] give the state courts one full opportunity to resolve constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 842.  Petitioner failed to do so by raising this issue on direct appeal, nor did he raise this claim in a motion to vacate the judgment.

Petitioner's claim, therefore, is deemed exhausted but procedurally defaulted because state appellate review is no longer available to him. Petitioner has already used his one direct appeal to which he is entitled under New York law. <u>See</u> N.Y. Court Rules § 500.20. Collateral review of this claim -- by way of another CPL § 440 motion -- is also barred because the claim is a matter of record that could have been raised on direct appeal, but unjustifiably was not. <u>See</u> CPL § 440.10(2)(c) (the court must deny a motion to vacate a judgment when sufficient facts appear on the record to have permitted adequate review of the issue on appeal although no such review occurred due to Petitioner's unjustifiable failure to raise the issue on direct review). Thus, Petitioner's claim that he was denied a fair trial because he had an "all white jury" is deemed exhausted, but procedurally barred from habeas review.

A finding of procedural default bars habeas review of the federal claims unless the petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the claims will result in a miscarriage of justice. <u>Murray</u>, 477 U.S. at 492; <u>Wainwright</u>, 433 U.S. at 87-91. Petitioner has made no showing of the requisite cause and prejudice to overcome the procedural default, nor has he demonstrated that the Court's failure to review the claim will result in a

miscarriage of justice.  Petitioner's claim is therefore dismissed as procedurally defaulted.

In any event, Petitioner's claim is meritless.  While the Sixth and Fourteenth Amendments require that a panel of jurors in a criminal trial must be "drawn from a source fairly representative of the community," the Constitution does not require that "petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population."  Taylor v. Louisiana, 419 U.S. 522, 538 (1975).  In other words, "[d]efendants are not entitled to a jury of any particular composition."  Id.; see also United States v. Jackman, 46 F.3d 1240, 1244 (2d Cir. 1995); Crenshaw v. Superintendent, 372 F.Supp.2d 361, 375 (W.D.N.Y. 2005).  Here, Petitioner has not demonstrated that there were any minorities who were improperly excluded from the panel of prospective jurors.  Nor has Petitioner alleged that the prosecutor violated Batson v. Kentucky, 476 U.S. 79, 89 (1986), by exercising peremptory challenges in a discriminatory manner so as to exclude prospective non-white jurors from service.  As such, Petitioner cannot point to any improper practice or procedure that led to the impaneling of an all-white jury for his trial, and his claim is, therefore, meritless.

**3.    Petitioner's Claim that the People Failed to Fulfill Its Discovery Obligations is Unexhausted but Deemed Exhausted and Procedurally Defaulted and, in any event, Meritless**

Petitioner argues that the People failed to fulfill its discovery obligations under <u>Brady</u> and <u>Rosario</u> with regard to the identification of the confidential informant (Moracco) working with the police. <u>See</u> Pet., Ex. B. Because Petitioner raises this claim for the first time in his habeas petition, it is unexhausted for purposes of federal habeas review. Nonetheless, as discussed above, Petitioner no longer has a state court forum available to him within which to exhaust the claim, and the Court therefore deems it exhausted but procedurally defaulted. <u>See</u> <u>Grey</u>, 933 F.2d at 120. Petitioner does not allege cause and prejudice to overcome the procedural default, nor has he demonstrated that this Court's failure to review the claim will result in a miscarriage of justice. Thus, the claim is dismissed as procedurally defaulted.

In any event, Petitioner's claim is meritless. A prosecutor's obligations under <u>Brady</u> are well-settled: "[t]o the extent that [a] prosecutor knows of material evidence favorable to the defendant in a criminal prosecution, the government has a due process obligation to disclose that evidence to the defendant." <u>Disimone v. Phillips</u>, 461 F.3d 181, 192 (2d Cir. 2006) (citations omitted). To establish a <u>Brady</u> violation, a petitioner must demonstrate that: (1) the evidence at issue is favorable to the accused, either because it is exculpatory or because of its impeachment value; (2) the evidence

was suppressed by the State, either willfully or inadvertently; and (3) prejudice ensued from the failure to disclose the evidence. See Banks v. Dretke, 540 U.S. 668, 691 (2004) (citing Strickler v. Greene, 527 U.S. 263, 281-82 (1999)); Leka v. Portuondo, 257 F.3d 89, 98 (2d Cir. 2001). To establish that the prosecutor suppressed evidence, "petitioner must demonstrate that his attorney did not possess the requested evidence in time for its effective use at trial." Harris v. Smith, 04-CV-1268 (LEK/GJD), 2008 U.S. Dist. LEXIS 59507, *36 (N.D.N.Y. Aug. 4, 2008). Thus, "as long as a defendant possesses Brady evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." Id. (quoting Lutes v. Ricks, 02-CV-1043 (TJM/DEP), 2005 U.S. Dist. LEXIS 32391, *49, n.19 (2d Cir. 2001)); Shomo v. Zon, 05 Civ. 10337 (JFK), 2008 U.S. Dist. LEXIS 58459, *32 (S.D.N.Y. Aug. 1, 2008).

In this case, Petitioner's Brady claim is meritless because he has failed to demonstrate that the prosecutor suppressed evidence. Petitioner points to no specific item(s) that were withheld. Moracco's identity as the confidential informant was revealed when she testified at trial. Moracco explained her arrangement with the police and testified about her past drug use. Defense counsel cross-examined her with respect to her relationship with the police, and Petitioner does not claim that there existed any additional information that the defense did not receive that could

have been used to impeach Moracco at trial. Moreover, Petitioner does not claim that there were facts that he was unable to explore on cross-examination owing to the prosecutor's failure to disclose the information when he asked for it on November 22, 2005. Accordingly, Petitioner has not demonstrated that the information regarding Moracco was suppressed or that an earlier disclosure of it would have resulted in a different outcome at trial. See Graham v. Ricks, 02-CV-0303, 2004 U.S. Dist. LEXIS 5803, *23 (N.D.N.Y. April 7, 2004) (finding no Brady violation where no reasonable probability that earlier disclosure of the evidence would have produced different result at trial).

To the extent Petitioner argues that Moracco's identity should have been disclosed for the pre-trial hearing, he cannot demonstrate that the refusal to identify the informant at that time was contrary to, or an unreasonable application of, Supreme Court law. The Supreme Court has noted that it has consistently declined to hold that an informant's identity must be disclosed in a preliminary hearing to determine probable cause for an arrest or search. See McCray v. Illinois, 386 U.S. 300, 312 (1967).

Finally, insofar as Petitioner presents his claim as a violation of the prosecutor's discovery obligations under Rosario, his claim is not cognizable on habeas review. Federal courts in New York have consistently held that a Rosario claim, unlike a Brady claim, is based entirely upon New York State law and, thus,

is not cognizable by a federal court on habeas review.  See

Martinez v. Walker, 380 F.Supp.2d 179, 185-86 (W.D.N.Y. 2005);

Green v. Artuz, 990 F.Supp. 267, 274-75 (S.D.N.Y. 1998).

Petitioner's claim is meritless and therefore provides no basis for

habeas relief.

**4.    Petitioner's Claim that the Trial Court Improperly Permitted
        the People to Introduce Evidence of an Uncharged Drug Sale is
        Unexhausted But Deemed Exhausted and Procedurally Defaulted**

Petitioner appears to argue, as he did on direct appeal, that

the trial court improperly permitted the People to introduce

evidence of a prior uncharged drug transaction between Petitioner

and Moracco in violation of People v. Molineux, 168 N.Y. 264

(1901).[2]  See Pet., Ex. B; Am. Pet., Ground Three.  The Fourth

Department rejected this claim on the merits.  See Lowman, 49

A.D.3d at 1263.  While Petitioner did raise this claim in his

appellate brief, he relied only on state law principles and did not

base this claim on the deprivation of any federal constitutional

rights.  See Resp't Ex. A, Point III.  Petitioner did not cite

federal case law or state law employing constitutional analysis.

Id.  Accordingly, because Petitioner failed to alert the state

court to the federal constitutional dimension of his claim, it is

unexhausted.  See Daye, 696 F.2d at 192-94.  Nonetheless, because

---

[2]       It is unclear to the Court whether Petitioner specifically
challenges the trial court's Molineux ruling.  His pleadings in this respect
are ambiguous.  However, because Petitioner brings this action *pro se*, the
Court will construe the ambiguity in his favor and address the claim, as he
raised it on direct appeal, as a challenge to the trial court's Molineux
ruling.

Petitioner no longer has a state court forum within which to exhaust the claim, the Court deems it exhausted but procedurally defaulted.  See <u>Grey</u>, 933 F.2d at 120.

As discussed above, Petitioner has already used his one direct appeal to which he is entitled under New York law. <u>See</u> N.Y. Court Rules § 500.20.  Collateral review of this claim -- by way of another C.P.L. § 440 motion -- is also barred because the claim is a matter of record that could have been raised on direct appeal, but unjustifiably was not. <u>See</u> CPL § 440.10(2)(c) (the court must deny a motion to vacate a judgment when sufficient facts appear on the record to have permitted adequate review of the issue on appeal although no such review occurred due to Petitioner's unjustifiable failure to raise the issue on direct review).[3]

Moreover, Petitioner has not alleged cause and prejudice to overcome the procedural default or demonstrated that this Court's failure to review the claim will result in a miscarriage of justice.  Therefore, the claim is dismissed as procedurally defaulted.

---

[3]    Additionally, the Court notes that, if raised collaterally, this claim would also be barred by CPL § 440.10(2)(a) to the extent that the issue, as it was framed on direct appeal, was addressed and rejected on the merits. <u>See</u> <u>Lowman</u>, 49 A.D.3d at 1263.

**5. Petitioner's Claim the People Failed to Disclose Information about an Alleged Drug Transaction between Petitioner and an Undercover Police Officer is Unexhausted but Deemed Exhausted and Procedurally Defaulted, and, in any event, Meritless**

Petitioner contends, for the first time in his habeas petition, that the prosecutor withheld information about an alleged drug sale between Petitioner and an undercover police officer. He further argues that the police subsequently "switched their story" and accused Petitioner of selling drugs to confidential informant Moracco, but sealed any records relating to the original allegation. See Am. Pet., Ground Three. Because Petitioner raises this claim for the first time in his habeas corpus petition, it is unexhausted for purposes of federal habeas review. Nonetheless, as discussed above, Petitioner no longer has a state court forum available to him within which to exhaust the claim and the Court therefore deems it exhausted but procedurally defaulted. See Grey, 933 F.2d at 120. Petitioner does not allege cause and prejudice to overcome the procedural default, nor has he demonstrated that this Court's failure to review the claim will result in a miscarriage of justice. Thus, the claim is dismissed.

In any event, Petitioner's claim is meritless. A review of the record reveals that the only reference to a drug transaction between Petitioner and an undercover police officer was from a statement made by an Assistant District Attorney during a November 22, 2005 (pre-trial) court appearance. At that time, the ADA stated, "Judge, my understanding is that there was a confidential

informant who assisted but this is a direct hand to hand sale to an undercover police officer from the New York State Police CNET team." Trans. of 11/22/05 at 4. Based on this Court's review of the record, it appears that the ADA's understanding of the facts was either mistaken or that the ADA simply misspoke. The evidence at trial established that Moracco was accompanied to the site of the drug sale by Investigator Kudac, but that Investigator Kudac was not with Moracco at the precise moment the transaction occurred because Petitioner did not want Investigator Kudac to approach him. T.T. 148-49, 167, 175-78. There was no evidence presented to the jury that suggested Petitioner had conducted a drug transaction with an undercover police officer. Moreover, defense counsel had the opportunity to cross-examine Moracco with respect to the drug transaction and, in fact, did so. T.T. 167. Additionally, defense counsel could have questioned Investigator Kudac about her role in accompanying Moracco to purchase the drugs from Petitioner, but chose not to do so. T.T. 179-80. Thus, Petitioner's claim is meritless and provides no basis for habeas relief.

6. **Petitioner's Claim that his Arrest was Unlawful because the Police Failed to Secure an Arrest Warrant and because he was not Informed of his Rights Pursuant to <u>Miranda v. Arizona</u> is Unexhausted but Deemed Exhausted and Procedurally Defaulted, and, in any event, is Not Cognizable**

Petitioner argues, for the first time in the habeas petition, that his arrest was unlawful because the police failed to secure an arrest warrant and because he was not informed of his rights

pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), upon his arrest. <u>See</u> Am. Pet, Ground Six. Because Petitioner raises this claim for the first time in his habeas corpus petition, it is unexhausted for purposes of federal habeas review. Nonetheless, as discussed above, Petitioner no longer has a state court forum available to him within which to exhaust the claim and the Court therefore deems it exhausted but procedurally defaulted. <u>See</u> <u>Grey</u>, 933 F.2d at 120. Petitioner does not allege cause and prejudice to overcome the procedural default, nor has he demonstrated that this Court's failure to review the claim will result in a miscarriage of justice. Thus, the claim is dismissed as procedurally defaulted.

In any event, Petitioner's claim is not cognizable. As discussed at Section "IV, 1" above, Petitioner is not entitled to habeas relief for a contention that his arrest violated his Fourth Amendment rights. <u>See</u> <u>Stone</u>, 428 U.S. at 482.

Accordingly, Petitioner's claim presents no basis for habeas relief.

## 7. Petitioner's Ineffective Assistance of Trial Counsel is Procedurally Barred by an Adequate and Independent State Ground

Petitioner argues, as he did in his CPL § 440.10 motion, that he received ineffective assistance of trial counsel because his attorney failed to file a timely motion to suppress the evidence police recovered from him on the ground that the police lacked probable cause for Petitioner's arrest. <u>See</u> Am. Pet., Ground Four.

The Ontario County Court denied Petitioner's claim on procedural grounds, pursuant to CPL § 440.10(2)(a), (c). <u>See</u> Resp't Ex. I. The state court's reliance on an adequate and independent state law ground to deny the claim renders this claim procedurally barred from review by this Court.

A federal court may not review a question of federal law decided by a state court if the state court's decision rested on a state law ground that is independent of the federal question and adequate to support the judgment. <u>See</u> <u>Coleman</u>, 501 U.S. at 729. Here, the Ontario County rejected Petitioner's ineffective assistance of trial counsel claim pursuant to CPL § 440.10(2)(a), (c), finding that the claim was "either affirmatively addressed on appeal . . . or sufficient facts appeared in the record underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the instant motion and [Petitioner] failed to raise these grounds upon his appeal . . . ." <u>Id.</u> The Second Circuit has recognized CPL § 440.10(2)(c) as an adequate and independent state ground sufficient to preclude federal habeas review of a state-court defendant's claims. <u>See e.g.,</u> <u>Sweet v. Bennett</u>, 353 F.3d 135, 139-40 (2d Cir. 2003); <u>Reyes v. Keane</u>, 118 F.3d 136, 139 (2d Cir. 1997); <u>Aparicio</u>, 269 F.3d at 91 (2d Cir. 1991). Additionally, denial of a claim pursuant CPL § 440.10(2)(a) has been found to constitute an adequate and independent state ground. <u>See, e.g.,</u>

<u>McClarin v. Smith</u>, 05-CV-2478 (DLI), 2007 U.S. Dist. LEXIS 58717
(E.D.N.Y. 2007) (finding due process claim procedurally barred by
New York Criminal Procedure Law § 440.10(2)(a) because it had been
adjudicated on the merits during petitioner's direct appeal);
<u>D'Alessandro v. Fischer</u>, No. 01 Civ. 2551 (LTS)(DF), 2005 U.S.
Dist. LEXIS 31381 (S.D.N.Y. 2005) (finding that the trial court's
express reliance on CPL § 440.10(2)(a) indicates that the court
rejected Petitioner's ineffective assistance claim on an
independent and adequate state procedural ground precluding federal
habeas review). Accordingly, the state court's reliance on CPL
§ 440.10(2)(a), (c) to deny Petitioner's claim bars this Court's
review of Petitioner's ineffective assistance of trial counsel
claim.

Although Petitioner does not specifically allege cause for the
default, he does allege, as a stand-alone claim, ineffective
assistance of appellate counsel on these same grounds. <u>See</u> Am.
Pet., Ground Five. Ineffective assistance of counsel may
constitute cause for a petitioner's failure to pursue a
constitutional claim, <u>e.g.</u>, <u>Edwards v. Carpenter</u>, 529 U.S. 446
(2000), but in order to constitute cause, counsel's ineffectiveness
must itself rise to the level of a constitutional violation. <u>Id.</u>
Here, Petitioner's underlying contention that his appellate
attorney was ineffective is without merit (see Section "IV, 8"
below). Thus, Petitioner is unable to make a successful showing of

"cause" for purposes of overcoming the procedural default.
Petitioner has also not demonstrated that this Court's failure to
review the claim will result in a miscarriage of justice.
Accordingly, Petitioner's ineffective assistance of counsel claim
is dismissed as procedurally defaulted.

8.  **Petitioner's Ineffective Assistance of Appellate Counsel Claim is Meritless**

Petitioner argues that his appellate attorney rendered
ineffective assistance because appellate counsel failed to argue in
his brief that the evidence against Petitioner should have been
suppressed because the police improperly arrested Petitioner.
See Am. Pet., Ground Five.[4]  At the time Petitioner filed the
instant amended petition, he had not exhausted this claim.  Since
that time, however, Petitioner filed a coram nobis application in
the Fourth Department, which was summarily denied on June 11, 2010.
See Dkt. # 46.  Leave to appeal was denied on September 23, 2010.
Id.  Summary denial of Petitioner's motion constitutes an
adjudication on the merits of this claim.  Sellen v. Kuhlman, 261
F.3d 303, 311-12 (2d Cir. 2001).

---

[4]     The Court notes that Petitioner has listed in the habeas petition,
as a final stand-alone claim, that he did not "receive[] a fair trial with
respect to due process."  Am. Pet., Ground Seven.  He alleges no facts,
however, to substantiate this claim.  Moreover, although Petitioner has
stylized this "issue" as an additional claim, it appears to the Court that
this additional ground is simply a concluding paragraph.  Nevertheless, to the
extent Petitioner alleges a stand-alone "Ground Seven" on the grounds that,
generally, he did not receive a fair trial and/or was denied due process, such
claim is dismissed.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his attorney's representation was unreasonable under "prevailing professional norms," and that there is a reasonable probability that, but for his attorney's errors, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984). This standard applies equally to trial and appellate counsel. See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994), cert. denied, 513 U.S. 820 (1994). A petitioner alleging ineffective assistance of appellate counsel must prove both that appellate counsel was objectively unreasonable in failing to raise a particular issue on appeal, and that absent counsel's deficient performance, there was a reasonable probability that defendant's appeal would have been successful. Id. at 533-34; Smith v. Robbins, 528 U.S. 259, 285 (2000). Moreover, counsel is not required to raise all colorable claims on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983). Rather, counsel may winnow out weaker arguments and focus on one or two key claims that present "the most promising issues for review." Id. at 751-53. A petitioner may establish constitutionally inadequate performance if he shows that his appellate counsel omitted material and obvious issues while pursuing matters that were patently and significantly weaker. See Mayo, 13 F.3d at 533.

Petitioner cannot meet this standard insomuch as the claim he faults counsel for not raising was presented in Petitioner's *pro se* supplemental brief.  See Resp't Ex. B.  Because the Fourth Department considered this claim and rejected it on the merits, appellate counsel could not have been ineffective for failing to assert it.  See United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance.").

Accordingly, the Court cannot find that the state court's adjudication of Petitioner's ineffective assistance of appellate counsel claim contravened or unreasonably applied settled Supreme Court law.  The claim is dismissed.

## V.  Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed.  Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.  See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                        S/Michael A. Telesca

                                      _____
                                      HONORABLE MICHAEL A. TELESCA
                                      United States District Judge

DATED:      January 11, 2011
              Rochester, New York